UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In the Matter of a Rule 2004 Examination Subpoena Served In:**<br><br>**In re:**<br>     **Abhinav Sharma**,<br>          *Debtor.*<br><br>**And,** | Case No. 18-mc-523<br><br>[Related to Case No. 1:18-bk-08949 Pending United States Bankruptcy Court for the Northern District of Illinois before Judge Janet S. Baer] |
| **In re:**<br>     **RequiteLife, Inc.**,<br>          *Debtor.* | [And Related to Case No. 1:18-bk-08950 Pending United States Bankruptcy Court for the Northern District of Illinois before Judge Janet S. Baer] |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL NON-PARTY NEW YORK RESIDENT ROBERT SWETNICK TO COMPLY WITH A RULE 2004 EXAMINATION SUBPOENA**

Pursuant to Federal Rule of Civil Procedure 37(a)(2), through Federal Rule of Bankruptcy Procedure 7037, Fidelity & Guaranty Life Insurance Company ("FGLIC") respectfully requests the Court to order New York resident Robert Swetnick ("Swetnick") to comply with the terms of a valid subpoena served upon him as a nonparty in the cases *In re: Sharma*, Case No. 18-bk-0949 and *In re: RequiteLife, Inc.*, Case No. 18-bk-08950, both pending in the Federal Bankruptcy Court for the Northern District of Illinois, Eastern Division (together, the "Bankruptcy Proceedings"). This Court has subject matter jurisdiction under both Rule 37(a)(2) and Rule 45(g), because it is the Court where discovery will be taken on Mr. Swetnick.

The Court should grant FGLIC's request and order Mr. Swetnick's compliance with the subpoena, because Mr. Swetnick has acknowledged service of the subpoena requiring compliance in New York, yet he has ignored the subpoena's commands, despite multiple efforts by counsel to reach an agreement without involving the Court. Furthermore, time is of the

essence, because FGLIC must file Objections to Discharge in the Bankruptcy Proceedings by December 6, 2018. Consequently, Mr. Swetnick's Examination must be scheduled in order for FGLIC to meet the imminent deadline.

If Mr. Swetnick should fail to obey the Court's order, FGLIC respectfully requests that the Court hold Mr. Swetnick in contempt pursuant to Rule 45(g), applicable to Bankruptcy subpoenas pursuant to Federal Rule of Bankruptcy Procedure 9016.

Therefore, FGLIC requests that this Court issue an Order that:

1. Mr. Swetnick must appear for his Examination on December 3, 2018.
2. Mr. Swetnick must produce all responsive documents to the subpoena by November 29, 2018.
3. Mr. Swetnick will be held in contempt pursuant to Federal Rule of Civil Procedure 45(g) if he fails to obey either #1 or #2 of the Order.

## BACKGROUND

Mr. Swetnick's document production and testimony are integral to discovery regarding a massive rebating fraud that Debtors Abhinav Sharma ("Sharma") and RequiteLife, Inc. ("RequiteLife") (collectively referred to as "Debtors") and others perpetrated against insurance companies, including FGLIC.[1] FGLIC seeks Mr. Swetnick's compliance with a subpoena as a nonparty witness in the Bankruptcy Proceedings.

**I.     The Fraudulent Rebating Scheme.**

The Debtors were, among other things, life insurance agents that sold life insurance policies for FGLIC. FGLIC alleges that the Debtors and others fraudulently induced FGLIC to

---

[1] The fraudulent rebating scheme is detailed in FGLIC's Amended Complaint in related litigation pending in the United States District of Maryland, captioned *Fidelity & Guaranty Life Insurance v. Network Partners International, LLC, et. al.,* 1:17-cv-01508-RDB (D. Md.), ECF #57 ("*Network Partners* Litigation") (Ex. 1).

pay them commissions for life insurance policies by (1) selling insureds "free" life insurance policies issued by FGLIC for a single year, with no intention that such policies would be renewed; (2) obtaining commissions and bonuses from FGLIC in excess of the policies' first-year premiums; (3) using their commission and bonus payments to illegally rebate the insurance premiums; and (4) pocketing the difference between the commission (and bonus) and the first year's premiums as their profits from the scheme, thereby damaging FGLIC in the amount of tens of millions of dollars.  Ex. 1 at ¶ 27.

Mr. Swetnick was the purchaser and owner of a FGLIC life insurance policy sold by Debtors that, upon information and belief, was part of this fraudulent rebating conspiracy.  Mr. Swetnick therefore possesses relevant information related to FGLIC's claims against the Debtors.

**II.     Bankruptcy Proceeding for Debtors.**

The Debtors filed bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Illinois on March 28, 2018.  The Honorable Janet S. Baer presides over the Bankruptcy Proceedings.  FGLIC is listed in the Debtors' bankruptcy petitions as being their largest creditor, holding $2.5 million in debt.  Ex. 2 at 21; Ex. 3 at 12 (*In re: Sharma* (Case No. 18-0949) at ECF # 1 and *In re: RequiteLife, Inc.* (Case No. 18-08950) at ECF # 1).

Judge Baer set the deadline for FGLIC to file Objections to Debtors' Discharge on December 6, 2018.  Ex. 4.

**III.    Judge Baer's Order Granting Discovery on Mr. Swetnick and Others.**

FGLIC moved for leave to conduct discovery on fifteen (15) individuals and companies, including nonparty witness Mr. Swetnick, pursuant to Bankruptcy Rule 2004.  On June 27, 2018, Judge Baer granted FGLIC's Motion to take Rule 2004 Examinations in full, including discovery

on Mr. Swetnick. Ex. 5 (Case No. 18-0949, at ECF # 30 and Case No. 18-0950 at ECF # 19). Non-party Network Partners International, LLC, filed a Motion to Quash the subpoenas on July 30th, which Motion Judge Baer denied, and Judge Baer subsequently entered a final Order granting Rule 2004 Examinations on September 18, 2018. Ex. 6 (Case No. 18-0949, at ECF # 77 and Case No. 18-0950 at ECF # 53).

IV. **FGLIC Attempts to Serves Subpoena on Mr. Swetnick.**

It took more than ten attempts to serve Mr. Swetnick with the Rule 2004 Examination subpoena before service was accomplished. *See* Ex. 7 at 2 (Status report filed in Case No. 18-0949, at ECF # 103 and Case No. 18-0950 at ECF # 75). Mr. Swetnick, a lawyer, refused service on numerous occasions.

FGLIC issued its first subpoena on the day of Judge Baer's Order, September 18, 2018, commanding both testimony and document production from Mr. Swetnick. See Ex. 8. The date and time of compliance set forth in the subpoena was October 5, 2018 at 9:30 a.m. and the place was the offices of Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019. *See id.*

The process server located Mr. Swetnick's residence at 40 East 88th Street, Apt. 7E, New York, New York and first attempted to serve him on September 21. Ex. 7 at 2. The process server returned later in the day, but it appeared Mr. Swetnick told the concierge that he, Mr. Swetnick, was not at home. *Id.* On the next day, September 22nd, Mr. Swetnick was home but refused to accept the subpoena. *Id.* The process server left the subpoena with the concierge.[2]

---

[2] Mr. Swetnick called FGLIC's counsel on or about October 4, 2018, to inquire about the October 5th Examination, having apparently picked up the copy of the subpoena that had been left with the concierge. However, by that time, as FGLIC had been unable to serve the subpoena on Mr. Swetnick, and indeed was not even aware that Mr. Swetnick had picked up the subpoena from the concierge, the October 5th Examination had to be adjourned.

Because the time of compliance was fast approaching, FGLIC issued an updated subpoena on September 28th, which set the oral Examination date and time on November 9, 2018 at 9:30 a.m. and the document production deadline to October 12, 2018. Ex. 9. The place of compliance remained at Norton Rose Fulbright's New York offices.

Process servers attempted to serve Mr. Swetnick at his residence five times between October 1st and October 8th; the times of attempted service ranged from 8:50 a.m. to 9:20 p.m. Ex. 7 at 2. On two occasions, the doorman refused to call Mr. Swetnick's apartment. *Id.* at 2-3.

The process server ultimately served Mr. Swetnick on October 12, 2018 by delivering the subpoena to Mr. Swetnick's legal assistant at his law firm Dunnington Bartholow & Miller. *Id.* at 3.

V.   **FGLIC Corresponds with Mr. Swetnick Regarding the Rule 2004 Examination.**

FGLIC's counsel sent an email to Mr. Swetnick on October 24, 2018, locating his known email address from his law firm's website. Declaration of J. Mrkonich dated November 14, 2018 ("Mrkonich Decl.") at ¶ 2. The email confirmed that Mr. Swetnick's Examination was set for November 9th, and requested that Mr. Swetnick produce all responsive documents by October 31st. Mrkonich Decl. at Ex. 1. Mr. Swetnick failed to respond before October 31st and instead emailed on November 1st to state that although he "had planned on appearing on the 9th" he was only available between 3 p.m. and 5 or 5:30 p.m. that day because of a work conflict. *Id.* Mr. Swetnick did not propose other dates and he did not provide any response regarding his obligation to produce documents. *Id.* FGLIC's counsel responded that the November 9th date was the subpoena-enforced date, that FGLIC was entitled to seven hours of deposition, and that Mr. Swetnick would have to move the Court to change the time. *Id.* Mr. Swetnick never responded to the email. *See* Mrkonich Decl. at ¶ 3.

**VI.     Mr. Swetnick Refuses to Appear at his Examination and Refuses to Reschedule.**

On November 9, 2018, counsel for FGLIC and Network Partners appeared at the Rule 2004 Examination for Robert Swetnick at the New York offices of Norton Rose Fulbright US LLP as commanded by the subpoena.  *See* Mrkonich Decl. at Ex. 2.  Mr. Swetnick failed to appear, and failed to contact FGLIC's counsel to reschedule.

FGLIC's counsel made three phone calls to Mr. Swetnick's law office.  *See id.*  Mr. Swetnick did not return those calls.  *See id.*  Consequently, FGLIC's counsel sent Mr. Swetnick a letter requesting a call to set a new Examination date; the letter informed Mr. Swetnick that FGLIC would ask the Southern District of New York to enter the appropriate order if FGLIC was unable to set the Examination.  *Id.*  Mr. Swetnick responded in an email later that day, but did not propose any new dates.  Mrkonich Decl. at Ex. 3.  FGLIC's counsel responded and asked for Mr. Swetnick to call FGLIC's counsel before noon EST on November 12th to agree on an Examination date.  *Id.*  Mr. Swetnick failed to do so.  Mrkonich Decl. at ¶¶ 6-7.  On November 13th, FGLIC's counsel made one last effort to resolve the matter without the Court's involvement.  Mrkonich Decl. at ¶ 7.  Mr. Swetnick again failed to respond.  *Id.*

## JURISDICTION

This Court has subject matter jurisdiction over this matter pursuant to Federal Rule of Civil Procedure 37.  Rule 37 provides that "a party may move for an order compelling disclosure or discovery."  Rule 37(a)(2) requires that "a motion for an order to a nonparty must be made in the court where the discovery is or will be taken."  Mr. Swetnick is a resident of New York, New York, and his Examination will occur in New York, New York.

Rule 37 applies to adversary proceedings in Federal Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 7037.  Rule 37 thus makes this Court the proper venue in

which to enforce the subpoena on Mr. Swetnick, because he is a nonparty to the Bankruptcy Proceedings and his Examination will take place in New York, New York, which is within this Court's jurisdiction.

FGLIC's subpoena is valid and enforceable under Federal Rule of Civil Procedure 45 (made applicable to bankruptcy cases by Federal Rule of Bankruptcy Procedure 2016), because the place of compliance is within 100 miles of where Mr. Swetnick resides; Mr. Swetnick was served at his place of business in New York, New York, which is also less than 100 miles from the subpoena's place of compliance.  Rule 45(c)(1)(A) & Rule 45(c)(2)(A).

## ARGUMENT

**The Court Should Order Mr. Swetnick to Comply with FGLIC's Subpoena.**

Judge Baer's June 27, 2018 Order specifically authorized FGLIC to take the Rule 2004 Examination of Mr. Swetnick.  Ex. 5.  FGLIC lawfully subpoenaed Mr. Swetnick pursuant to that Order.  *See* Ex. 8; Ex. 9.  The subpoenas are valid under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.  The second subpoena was personally served on Mr. Swetnick at his place of business on October 12, 2018.  Ex. 7 at 3, CM/ECF p. 20; s*ee* Fed. R. Civ. P. 45(b)(1); *Sec. & Exch. Comm'n v. Pence*, 322 F.R.D. 450, 455 (S.D.N.Y. 2017) (recognizing service on an individual of "suitable age and discretion at the [witness's] actual place of business" as a proper method of effecting alternative service under Rule 45).  Indeed, Mr. Swetnick acknowledged service in his email correspondence to FGLIC's counsel on November 1st.  Mrkonich Decl. at Ex. 1.

Despite the lawful issuance of a subpoena commanding his presence for a Rule 2004 Examination, Mr. Swetnick has refused to appear for his Examination, and has refused all subsequent attempts to work with him on his appearance.  This "blatant disregard for the

subpoena[]" alone would sufficiently justify a holding that Mr. Swetnick is in contempt of court. *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002).

FGLIC's counsel made repeated overtures to Mr. Swetnick in a good faith attempt to work cooperatively to schedule his Examination without Court involvement. Mrkonich Decl. at ¶¶ 2-7. Mr. Swetnick has ignored these efforts. Mr. Swetnick's decision "to ignore the subpoena[] rather than to challenge [its] sufficiency" demonstrates a "flagrant disregard for the judicial process [that] is totally unacceptable." *Kohler Co. v. Weiss*, No. 90 CIV. 3188 (JMC), 1993 WL 307775, at *2 (S.D.N.Y. Aug. 9, 1993) (ordering three witnesses who ignored deposition subpoenas to reschedule them and holding that should they fail to do so "or should they fail to appear for any subsequent depositions or to produce the subpoenaed documents, they shall automatically be adjudged in contempt").

As in *Kohler*, this Court should compel Mr. Swetnick to comply with the terms of the subpoena, because FGLIC's subpoena is valid and Mr. Swetnick's recalcitrance makes FGLIC's attempts at cooperation futile.

FGLIC further asserts that Mr. Swetnick's Examination must occur on December 3, 2018, and that he must produce any additional responsive documents on November 29, 2018. FGLIC has limited time to conduct discovery in order to prepare its Objections to the Debtors' discharge, which are due December 6, 2018. Ex. 4. Mr. Swetnick has had over a month since he has been served with the subpoena to work with FGLIC to schedule his production of documents and his Examination, and he has failed and refused at every turn. FGLIC needs to have Mr. Swetnick's testimony and documents responsive to the subpoena before it can file its Objections to Discharge against the Debtors.

In order to meet the December 6th deadline, FGLIC asks the Court to require Mr.

Swetnick to be present at the New York offices of Norton Rose Fulbright US LLP on December 3, 2018. FGLIC further requests that if Mr. Swetnick fails to obey the Court's Order, that Mr. Swetnick be held in contempt pursuant to Federal Rule of Civil Procedure 45(g).

## **CERTIFICATION**

FGLIC made several good faith efforts to resolve this issue prior to filing the instant Motion. FGLIC further understands that Local Rule 37.2 of the Southern District of New York would ordinarily require that an informal conference be requested prior to filing a motion to compel pursuant to Rule 37. However, under the circumstances, such a request was impossible as, prior to the filing of this motion, Mr. Swetnick was not a party to any court proceedings.

## **CONCLUSION**

For the above reasons, FGLIC requests that the Court grant its Motion to Enforce Subpoena to nonparty Robert Swetnick, specifically:

1. Order Mr. Swetnick to appear for his Examination on December 3, 2018.
2. Order Mr. Swetnick to produce any responsive documents to the subpoena by November 29, 2018.
3. Order that if Mr. Swetnick fails to obey either #1 or #2, he will be held in contempt pursuant to Federal Rule of Civil Procedure 45(g).
4. Grant such other and further relief as the Court deems just and proper.

Date: November 14, 2018

By: ___*/s/ Thomas J. McCormack*___
Thomas J. McCormack
Michael A. Samalin
**Norton Rose Fulbright US LLP**
1301 Avenue of the Americas
New York, NY 10019
(212) 318-3000
thomas.mccormack@nortonrosefulbright.com
michael.samalin@nortonrosefulbright.com

Frank Taylor
**Norton Rose Fulbright US LLP**
RBC Plaza
60 South Sixth Street
Suite 3100
Minneapolis, MN 55402
Phone:  (612) 321-2800
Fax:  (612) 321-2288
frank.taylor@nortonrosefulbright.com

*Attorneys for Fidelity & Guaranty Life Insurance Company*

## CERTIFICATE OF SERVICE

  The foregoing was filed electronically with the Clerk of Court using the CM/ECF system on November 14, 2018.  The foregoing was also sent by email to Robert Swetnick at his active email address, RSwetnick@dunnington.com, at Dunnington Bartholow & Miller LLP, a law firm where he is a Partner.

               /s/ *Michael A. Samalin*
               Michael A. Samalin