# EXHIBIT 8

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern    District of  Illinois

| In re: Abhinav Sharma | Case No.: 18-08949 |
|---|---|
| Debtor | Chapter  7 |
| In re: RequiteLife, Inc. | Case No.: 18-08950 |
| Debtor | Chapter  7 |

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **Robert Swetnick, 1102 Park Avenue, #250, New York, NY 10177**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| **Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019** | **October 5, 2018 at 9:30 a.m.** |

The examination will be recorded by this method: **audio, audiovisual and/or stenographic means.**

☒ *Production*: You, or your representatives, **must also produce at the above place, date, and time,** the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  **See attached rider.**

The following provisions of Fe. R. Civ. P 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached –Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 18, 2018

CLERK OF COURT

_____    OR    _____

*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Fidelity and Guaranty Life Insurance Company**, who issues or requests this subpoena, are: **Frank A. Taylor, Julie H. Firestone, Norton Rose Fulbright, 60 South Sixth Street, Suite 3100, Minneapolis, MN 55402, 612-321-2800;  Frank.Taylor@nortonrosefulbright.com; Julie.Firestone@nortonrosefulbright.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

73434840.1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____ .

☐    I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐    I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                        _____
                                                                *Server's signature*


                                                        _____
                                                                *Printed name and title*


                                                        _____
                                                                *Server's address*

Additional information concerning attempted service, etc.:

73434840.1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c)   Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  *(A)* within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  *(B)* within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  *(A)* production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  *(B)* inspection of premises, at the premises to be inspected.

**(d)   Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45( c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony oi material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e)   Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b )(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g)   Contempt.** The court for the district where compliance is required - and also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

## RIDER TO SUBPOENA TO ROBERT SWETNICK

Fidelity & Guaranty Life Insurance Co. ("FGLIC"), by and through its counsel, hereby commands the production of the following documents and ESI from you at the offices of Norton Rose Fulbright US, LLP, 1301 Avenue of the Americas, New York, NY 10019 at the date and time set forth in the related Subpoena and pursuant to the instructions and definitions set forth below.

## DEFINITIONS

The following definitions and instructions are applicable to Each Document Request unless negated by context.

1.    *"Sharma"* means Abhinav Sharma and his agents, attorneys, representatives, assigns, and employees and all other persons or entities acting on his behalf or under his control.

2.    *"RequiteLife"* means RequiteLife, Inc. and its agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

3.    *"Debtors"* means both Sharma, the individual that filed bankruptcy case number 18-08949 in the Bankruptcy Court for the Northern District of Illinois, and RequiteLife, the entity that filed bankruptcy case number 18-08950 in the Bankruptcy Court for the Northern District of Illinois.

4.    *"FairPost Advisors"* means FairPost Advisors, LLC, FairPost Advisors, Fairport Advisors, Fairpoint Advisors, or any business in which Andrew Goltzman has any ownership or beneficial interest, direct or indirect, and their agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

1

5.    *"LaGambina"* means Mark LaGambina and his agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on his behalf or under his control.

6.    *"Crossridge Partners"* means Crossridge Partners, Inc., or any business in which LaGambina has any ownership or beneficial interest, direct or indirect, and their agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on their behalf.

7.    *"Mesa"* means Mesa Consumer Finance, LLC, and its agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

8.    *"Tower Strategic Group"* means Tower Strategic Group, Tower Strategic Advisors, LLC, Tower Strategic Partners, LLC, Tower Strategic Holdings, LLC, Tower Life Insurance Brokerage, any company located at 1266 E Main St Ste 700R in Stamford, CT, or any business in which Jason Mandel or Dana Mandel have any ownership or beneficial interest, direct or indirect, and their agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on their behalf.

9.    *"Network Partners"* means Network Partners International, LLC, the independent marketing organization located at 535 Fifth Avenue, Suite 1012, New York, NY 10017, and its agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

10.    *"Brokerage Insurance Partners"* means Brokerage Insurance Partners, Inc., the independent marketing organization with its principal place of business in Boca Raton, Florida, and its agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

11.    *"Network Partners Litigation"* shall mean *Fidelity & Guaranty Life Insurance Co., v. Network Partners International, LLC, Abhinav Sharma,*

2

*RequiteLife, Inc., Jason Mandel, Tower Strategic Group, LLC, Gregg Kirschner, MRM Advisors, LLC, Joshua Mandel, Rubicon Advisory Partners, Inc., Rebecca Nadler, Evan Pescatore, Agent Does 1-10, and Other Person Does 1-10*, 1:17-cv-01508 RDB, (D. Md.) and any and all claims, causes of action, demands, defenses and affirmative defenses that have been or could be brought.

12.     *"Brokerage Insurance Partners Litigation"* shall mean *Brokerage Insurance Partners, Inc. v. Fidelity & Guaranty Life Insurance Company Fidelity & Guaranty Life, FS Holdco II Ltd., and John Doe*, 1:17-cv-1815 GLR, (D. Md.) and any and all claims, causes of action, demands, defenses and affirmative defenses that have been or could be brought.

13.     *"Occurrence" or "Transaction"* shall mean the events described in the *Network Partners Litigation* Complaint and Amended Complaint and any other documents filed with the court in the *Network Partners Litigation*, and the events described in the *Brokerage Insurance Partners Litigation* Answer and Counterclaim and any other documents filed with the court in the *Brokerage Insurance Partners Litigation*, including but not limited to all policies of insurance sold or offered for sale by Sharma and/or RequiteLife issued by Fidelity & Guaranty Life Insurance Company or any affiliate of Fidelity & Guaranty Life Insurance Company.

14.     *"You/Your"* include the person(s) to whom this Request is addressed, and all of that person's agents, officers, employees, representatives, and attorneys.

15.     *"All"* shall mean any and all.

16.     *"Any"* shall mean "any and all."

17.     *"Including"* means "including but not limited to."

18.     *"And"* and *"Or"* encompass both "and" and "or."

19.     *"Each"* shall mean each and every.

20.     *"Communication"* means the transmittal of information by any means, including any manner or means of disclosure, transfer, or exchange, and any

disclosure, transfer, or exchange of information whether orally or by Document, or whether face to face, by telephone, mail, e-mail, or personal delivery, including oral Communications, and specifically includes, and is not limited to, electronically stored information as that term is used in Rule 34 of the Federal Rules of Civil Procedure.

21.    *"Document" or "Documents"* are defined to be synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

22.    *"Refer," "Relate," "Reflect," "Regard," "Referring To," "Relating To," "Concerning" and "Pertaining"* (or forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, constituting or pertaining to.

23.    *"Creditor"* shall mean any person or entity to whom Debtors owed money, jointly or individually, at any point in time, regardless of whether the person or entity is disclosed in the Debtors' bankruptcy petitions filed in bankruptcy case numbers 18-08949 and 18-08950 in the Bankruptcy Court for the Northern District of Illinois.

24.    *"Beneficiary"* means any person or entity designated at any time as a beneficiary on any life insurance policy or application.

25.    *"Depository Institution"* means any bank or savings association as those terms are defined in the Federal Deposit Insurance Act, 12 USCA § 1813.

26.    *"FGLIC"* means Fidelity & Guaranty Life Insurance Company, Inc. and its agents, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

4

27. *"FGLIC New York"* means Fidelity & Guaranty Life Insurance Company, Inc. of New York and its agents, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

28. *"Insureds"* means all persons to whom Andrew Goltzman, FairPost Advisors, Sharma, or RequiteLife solicited, offered to sell, sold, or otherwise consulted with in the procurement and/or issuance of any insurance policy issued by Fidelity & Guaranty Life Insurance Company or any affiliate of Fidelity & Guaranty Life Insurance Company, or any other insurance company.

29. *"Person"* is defined as any natural person or any business, legal or governmental entity, or association.

30. *"Producer"* means any person authorized to act as an agent for any life insurance company from January 1, 2013 forward.

31. *"Constructive Possession"* means in the possession of an agent, attorney, accountant, consultant, financial institution, bank, brokerage, or other person or entity that provides or provided services to You.

32. *"ESI"* means electronically stored information and further means, without limitation, information that is stored in an electronic medium, with electronic being defined as relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities and includes, without limitation, emails and texts.

33. *"Insider"* has the meaning set forth in the Bankruptcy Code.

34. *"Subpoena"* means and refers to the attached Subpoena.

## INSTRUCTIONS

1. Documents are to be produced at the offices of Norton Rose Fulbright US, LLP, 1301 Avenue of the Americas, New York, NY 10019 at the date and time set forth in the Subpoena.

2.    Unless indicated otherwise, the documents and ESI to be produced are those from January 1, 2013 forward.

3.    You are required to produce documents and ESI that are in Your direct possession or in the possession of any of your agents, accountants, financial advisors, relatives, attorneys, or any other Person.

4.    If you do not understand any of the following descriptions of the Documents or ESI to be produced, you or your counsel should contact counsel for FGLIC sufficiently in advance of the date by which production is required.

5.    A Document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the Document or ESI or a copy thereof from another person or entity, either public or private, including but not limited to, your legal counsel or accountant, having actual possession thereof.

6.    If You claim that any information, document, or thing sought or requested is privileged, protected by the work product doctrine, or otherwise not discoverable then You are to provide a log for each such document that provides the following information:

(a)    Identifies each document or thing by date, author, subject matter and recipients; and

(b)    States in detail the legal and factual basis for asserting said privilege, work product protection, or objection, or refusing to provide discovery as requested;

If only a portion of any document is privileged, then You are to produce the non-privileged part of the document and provide the above information regarding the part of the document that has been withheld.

7.    If any Document responsive to any request has been destroyed, erased, discarded, or otherwise lost, Identify: (i) the type of Document; (ii) the approximate date on which it was created; (iii) the author or preparer; (iv) the contents of the Document; (v) any and all Persons who received or saw the Document

or a copy of it; (vi) any and all Persons who participated in, or who were involved in, the decision to destroy such Document, if applicable; (vii) any Document retention or destruction policy under which such Document was destroyed, erased, or discarded, and any and all Persons who participated in, or who were involved in, the formulation of any such policy; (viii) the reason for the destruction of such Document, if applicable; and (ix) the date (or approximate date if precise date is not known) such Document was lost, discarded, or destroyed.

8.    The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  Words in the masculine, feminine, or neuter form shall include each of the other genders.

9.    If documents are produced as electronically stored information, they shall be produced in the following form or forms consistent with Guideline 2.04 of the ESI Principles.

10.    If the requested documents are maintained in a paper or electronic file or file folder, the file folder is included in the request for production of those documents.

## DOCUMENT REQUESTS

You are to produce the following Documents and ESI that are in Your actual or Constructive Possession, care, custody or control at the time and at the place set forth on the attached Subpoena.

1.    All Communications and Documents Related To or Reflecting any promissory notes, contracts, agreements, or written or oral promises involving the Debtors.

2.    All other Communications and Documents Related To the Debtors.

3.    All bank records, correspondence, or any other Documents Related To or Reflecting transfers of funds and/or property from You to the Debtors, including

but not limited to cancelled checks, direct deposits, and wire transfer confirmations or receipts.

   4. All bank records, correspondence, or any other Documents Related To or Reflecting transfers of funds and/or property from the Debtors to You, including but not limited to cancelled checks, direct deposits, and wire transfer confirmations or receipts.

   5. All Communications or Documents Related To or Reflecting any funds or assets received by or transferred to or from Debtors, and all Communications or Documents Related To or Reflecting any subsequent transfers of such funds or assets by or to any other person or entity.

   6. All Communications and Documents Related To the following transaction, which identifies You as the recipient of funds described in the chart below:

| Source of Funds | Bank Name | Wire Date | Wire Reference # | Your Account Number | Amount |
|---|---|---|---|---|---|
| Crossridge Partners, Inc. | Bank of America | 04/08/2016 | | | $55,000.00 |

   7. All Communications and Documents Related To the following individuals and/or entities, including but not limited to all Communications and Documents Related To or Reflecting financial transactions, payments of commissions or bonuses, transfers of funds or other property, and/or in the solicitation, sale, purchase, or funding of any insurance products, or trusts:

   a. Aaron Aftergood

   b. Brett Bernstein

   c. David Byck

   d. Stanley Byck

   e. Stanley Chesed

f.      Judith Cole

g.      David Crispel

h.      Steven Etkind

i.      Alan Goddard

j.      Andrew Goltzman

k.      Linda C. Gracco

l.      Philip Hon

m.      Howard Jahre

n.      Trent James

o.      James Jones

p.      Barbara Klein

q.      Gregg Kirschner

r.      Sandor Krauss

s.      Keith Kurzner

t.      Mark LaGambina

u.      Tzvie Leifer

v.      Michael Lichtenstein

w.      Leon Lowenthal

x.      Dana Mandel

y.      Jason Mandel

z.      Joshua Mandel

aa.     Richard Metsch

bb.     Allyn Michalek

cc.     Rebecca Nadler

dd.     David Neiman

ee.     Frimit Neiman

ff.     Evan Pescatore

gg.     Joel D. Plasco

hh.     Richard Propper

ii.     Yaffa Sarn

jj.    Yoav Sisley

kk.    Kyle Solomon

ll.    Demetrios Velissarios

mm.    David Vynerib

nn.    Chesky Weber

oo.    Any Producer or agent or other Person affiliated with Network Partners International, LLC

pp.    Any Producer or agent or other Person affiliated with Brokerage Insurance Partners

qq.    Any Person affiliated with FairPost Advisors, LLC

rr.    Any Person affiliated with FairPoint Advisors, LLC

ss.    Any Person affiliated with Fairport Advisors, LLC

tt.    Any Person affiliated with Mesa Consumer Finance, LLC

uu.    Any Person affiliated with Crossridge Partners, Inc.

vv.    Any Person affiliated with MRM Advisors, LLC

ww.    Any Person affiliated with Rubicon Advisory Partners, Inc.

xx.    Any Person affiliated with Soundview Strategic Holdings, LLC

yy.    Any Person affiliated with TEG Insurance Solutions, LLC

zz.    Any Person affiliated with Tower Strategic Group

aaa.    Accordia Life and Annuity Company

bbb.    Daroco and Associates

ccc.    Holmdel Financial Service

ddd.    Any Person affiliated with FGLIC

eee.    Any Person affiliated with AXA Equitable Life Insurance Company

fff.    Any Person affiliated with Minnesota Life Insurance Company

ggg.    Any Person affiliated with Lincoln Benefit Life Insurance Company

hhh.    Any Person affiliated with Allianz Life Insurance Company of North America

iii.    Any Person affiliated with Zurich American Life Insurance Company

jjj.    Any Person affiliated with Genworth Life Insurance Company

kkk.  Any Person affiliated with Royal Neighbors of America

lll.   Any Person affiliated with Banner Life Insurance Company

mmm. Any Person affiliated with Goodselling Insurance Recruit

nnn.  Any Person affiliated with Innovative Brokerage Network

ooo.  Any Person affiliated with Partners Advantage Insurance Service

ppp.  Any Person affiliated with Retirement Planning Assoc., LLC

qqq.  Any Person affiliated with Southwest Annuities Marketing

8.      All emails, texts, or other Communications, including but not limited to wire transfers, Related To the list of individuals and/or entities named in Request No. 7 above.

9.      All Communications and Documents Related To Your role as Insured for any person, entity, or trust in connection with the solicitation, sale, purchase, or funding of any life insurance policy (whether the policies were issued or not) whether Related To FGLIC or any other insurance company.

10.    All Communications and Documents Related To The Swetnick 2014 Irrevocable Life Insurance Trust.

11.    All bank records of any kind, including but not limited to accounting opening and closing documents, bank statements, checks, cancelled checks, checkbooks, wire transfers, ACH documentation, and ledgers, Related To The Swetnick 2014 Irrevocable Life Insurance Trust.

12.    All Communications and Documents Related To the life insurance policy # L2183194, issued by FGLIC on Insured Robert Swetnick.

13.    All Communications and Documents Related To the payment or funding of the premium Related To the life insurance policy # L2183194, issued by FGLIC on Insured Robert Swetnick.

14.    All emails, texts, calendar appointments, or other Communications, including but not limited to wire transfers, that You sent or received

11

Related To or Reflecting the life insurance policy described above in Request Nos. 12 and 13.

15.    All Communications and Documents Related To or Reflecting transfers of funds or other property from or to You in connection with the life insurance policy described above in Request Nos. 12 and 13.

16.    All Communications and Documents Related To or Reflecting all life insurance policies in which You participated in the solicitation, offer, sale, purchase, funding, or in which you consulted in any way, including but not limited to in which you identified potential insureds, agents, or insurers (whether the policies were issued or not), whether Related To FGLIC or any other insurance company.

17.    All emails, texts, calendar appointments, or other Communications, including but not limited to wire transfers, that You sent or received Related To or Reflecting the life insurance policies described above in Request Nos. 12, 13, and 16.

18.    All Communications and Documents Related To Network Partners International, LLC.

19.    All Communications and Documents Related To Brokerage Insurance Partners.

20.    All Communications and Documents Related To or Reflecting Your participation in, soliciting, consulting, or otherwise working with any Producer, Agent, or any Person (whether or not that Person became a Producer or Agent) engaged in soliciting or selling insurance products, trusts, and commissions.

21.    Your complete tax returns, including the schedules, exhibits, and backup materials used to prepare the tax returns.

22.    All financial statements submitted or prepared involving You.

23.    All Communications and Documents Related To Andrew Goltzman or FairPost Advisors.

24.      All Communications and Documents Related To or Reflecting any funds or assets received by or transferred to or from Andrew Goltzman, FairPost Advisors, or to or from any company in which Andrew Goltzman played any role, direct or indirect.

25.      All Communications and Documents Related To or Reflecting any subsequent transfers of such funds or assets as described above in Request No. 24 by or to any person or entity.

26.      All Communications and Documents Related To LaGambina, Crossridge Partners, or Mesa.

27.      All Communications and Documents Related To or Reflecting any funds or assets received by or transferred to or from LaGambina, Crossridge Partners or Mesa, or to or from any company in which Mark LaGambina played any role, direct or indirect.

28.      All Communications and Documents Related To or Reflecting any subsequent transfers of such funds or assets as described above in Request 27 by or to any person or entity.

29.      All Communications or Documents Related To or Reflecting any commission, bonus, or other payment to Debtors or any other Producer for their benefit in any way.

30.      All Communications and Documents Related To any criminal investigation or prosecution against You involving fraud, rebating, or life insurance policies.

31.      All Communications and Documents Related To any suspension, revocation, or other disciplinary action or proceeding against You or any entity Related To You, by a governmental agency, FINRA, bar association, or any other association, agency, or self-regulatory organization.

32.      All financial statements or statements describing Your assets, liabilities, or net worth.