# EXHIBIT 9

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Northern    District of  Illinois

| In re: Abhinav Sharma | Case No.: 18-08949 |
|---|---|
| Debtor | Chapter  7 |
| In re: RequiteLife, Inc. | Case No.: 18-08950 |
| Debtor | Chapter  7 |

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  **Robert Swetnick, 40 East 88th Street, Apt 7E, New York, NY, New York, NY 10177**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| **Norton Rose Fulbright US LLP, 1301 Avenue of the Americas, New York, NY 10019** | **November 9, 2018 at 9:30 a.m.** |

The examination will be recorded by this method: **audio, audiovisual and/or stenographic means.**

☒ *Production*: You, or your representatives, must also produce at the above **PLACE by October 12, 2018 at 10:00 a.m.** the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See attached rider.**

The following provisions of Fe. R. Civ. P 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached –Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(c) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 28, 2018

CLERK OF COURT

_____     OR  _____
Signature of Clerk or Deputy Clerk                          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Fidelity and Guaranty Life Insurance Company**, who issues or requests this subpoena, are: **Frank A. Taylor, Julie H. Firestone, Norton Rose Fulbright, 60 South Sixth Street, Suite 3100, Minneapolis, MN 55402, 612-321-2800; Frank.Taylor@nortonrosefulbright.com; Julie.Firestone@nortonrosefulbright.com.**

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

73489172.1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (*name of individual and title, if any*): _____
on (*date*) _____.

☐   I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____; or

☐   I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

73489172.1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c)    Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

*(A)* within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

*(B)* within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

*(A)* production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

*(B)* inspection of premises, at the premises to be inspected.

**(d)    Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45( c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony oi material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e)    Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b )(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g)    Contempt.** The court for the district where compliance is required - and also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

## RIDER TO SUBPOENA TO ROBERT SWETNICK

Fidelity & Guaranty Life Insurance Co. ("FGLIC"), by and through its counsel, hereby commands the production of the following documents and ESI from you at the offices of Norton Rose Fulbright US, LLP, 1301 Avenue of the Americas, New York, NY 10019 at the date and time set forth in the related Subpoena and pursuant to the instructions and definitions set forth below.

## DEFINITIONS

The following definitions and instructions are applicable to each Document Request unless negated by context.

1.    *"Sharma"* means Abhinav Sharma and his agents, attorneys, representatives, assigns, and employees and all other persons or entities acting on his behalf or under his control.

2.    *"RequiteLife"* means RequiteLife, Inc. and its agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

3.    *"Debtors"* means both Sharma, the individual that filed bankruptcy case number 18-08949 in the Bankruptcy Court for the Northern District of Illinois, and RequiteLife, the entity that filed bankruptcy case number 18-08950 in the Bankruptcy Court for the Northern District of Illinois.

4.    "*Goltzman*" means Andrew Goltzman and his agents, attorneys, representatives, related entities, predecessor or successor entities and all other persons or entities acting on his behalf or under his control.

5.    *"FairPost Advisors"* means FairPost Advisors, LLC, FairPost Advisors, Fairport Advisors, Fairpoint Advisors, or any business in which Goltzman has any ownership or beneficial interest, direct or indirect, and their agents,

1

attorneys, representatives, related entities, predecessor or successor entities and all
other persons or entities acting on its behalf.

      6.     "*LaGambina*" means Mark LaGambina and his agents, attorneys,
representatives, related entities, predecessor or successor entities and all other
persons or entities acting on his behalf or under his control.

      7.     "*Crossridge Partners*" means Crossridge Partners, Inc., or any
business in which LaGambina has any ownership or beneficial interest, direct or
indirect, and their agents, attorneys, representatives, related entities, predecessor or
successor entities and all other persons or entities acting on their behalf.

      8.     "*Mesa*" means Mesa Consumer Finance, LLC, and its agents,
attorneys, representatives, related entities, predecessor or successor entities and all
other persons or entities acting on its behalf.

      9.     "*Tower Strategic Group*" means Tower Strategic Group, Tower
Strategic Advisors, LLC, Tower Strategic Partners, LLC, Tower Strategic Holdings,
LLC, Tower Life Insurance Brokerage, any company located at 1266 E Main St Ste
700R in Stamford, CT, or any business in which Jason Mandel or Dana Mandel have
any ownership or beneficial interest, direct or indirect, and their agents, attorneys,
representatives, related entities, predecessor or successor entities and all other
persons or entities acting on their behalf.

      10.    "*Network Partners*" means Network Partners International, LLC,
the independent marketing organization located at 535 Fifth Avenue, Suite 1012, New
York, NY 10017, and its agents, attorneys, representatives, related entities,
predecessor or successor entities and all other persons or entities acting on its behalf.

      11.    "*Brokerage Insurance Partners*" means Brokerage Insurance
Partners, Inc., the independent marketing organization with its principal place of
business in Boca Raton, Florida, and its agents, attorneys, representatives, related
entities, predecessor or successor entities and all other persons or entities acting on its
behalf.

2

12.    ***"Network Partners Litigation"*** shall mean *Fidelity & Guaranty Life Insurance Co., v. Network Partners International, LLC, Abhinav Sharma, RequiteLife, Inc., Jason Mandel, Tower Strategic Group, LLC, Gregg Kirschner, MRM Advisors, LLC, Joshua Mandel, Rubicon Advisory Partners, Inc., Rebecca Nadler, Evan Pescatore, Agent Does 1-10, and Other Person Does 1-10*, 1:17-cv-01508 RDB, (D. Md.) and any and all claims, causes of action, demands, defenses and affirmative defenses that have been or could be brought.

13.    ***"Brokerage Insurance Partners Litigation"*** shall mean *Brokerage Insurance Partners, Inc. v. Fidelity & Guaranty Life Insurance Company Fidelity & Guaranty Life, FS Holdco II Ltd., and John Doe*, 1:17-cv-1815 GLR, (D. Md.) and any and all claims, causes of action, demands, defenses and affirmative defenses that have been or could be brought.

14.    ***"Occurrence" or "Transaction"*** shall mean the events described in the *Network Partners Litigation* Complaint and Amended Complaint and any other documents filed with the court in the *Network Partners Litigation*, and the events described in the *Brokerage Insurance Partners Litigation* Answer and Counterclaim and any other documents filed with the court in the *Brokerage Insurance Partners Litigation*, including but not limited to all policies of insurance sold or offered for sale by Sharma and/or RequiteLife issued by Fidelity & Guaranty Life Insurance Company or any affiliate of Fidelity & Guaranty Life Insurance Company.

15.    ***"You/Your"*** include the person(s) to whom this Request is addressed, and all of that person's agents, officers, employees, representatives, and attorneys.

16.    "***All***" shall mean any and all.

17.    ***"Any"*** shall mean "any and all."

18.    ***"Including"*** means "including but not limited to."

19.    "***And" and "Or"*** encompass both "and" and "or."

20.    ***"Each"*** shall mean each and every.

3

21.    *"**Communication**"* means the transmittal of information by any means, including any manner or means of disclosure, transfer, or exchange, and any disclosure, transfer, or exchange of information whether orally or by Document, or whether face to face, by telephone, mail, e-mail, or personal delivery, including oral Communications, and specifically includes, and is not limited to, electronically stored information as that term is used in Rule 34 of the Federal Rules of Civil Procedure.

**22.    "Document" or "Documents"** are defined to be synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

23.    **"Refer," "Relate," "Reflect," "Regard," "Referring To," "Relating To," "Concerning" and "Pertaining"** (or forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, constituting or pertaining to.

24.    *"**Creditor**"* shall mean any person or entity to whom Debtors owed money, jointly or individually, at any point in time, regardless of whether the person or entity is disclosed in the Debtors' bankruptcy petitions filed in bankruptcy case numbers 18-08949 and 18-08950 in the Bankruptcy Court for the Northern District of Illinois.

25.    *"**Beneficiary**"* means any person or entity designated at any time as a beneficiary on any life insurance policy or application.

26.    *"**Depository Institution**"* means any bank or savings association as those terms are defined in the Federal Deposit Insurance Act, 12 USCA § 1813.

4

27.    **"FGLIC"** means Fidelity & Guaranty Life Insurance Company, Inc. and its agents, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

28.    **"FGLIC New York"** means Fidelity & Guaranty Life Insurance Company, Inc. of New York and its agents, representatives, related entities, predecessor or successor entities and all other persons or entities acting on its behalf.

*29.*    **"Insureds"** means all persons to whom Goltzman, FairPost Advisors, Sharma, or RequiteLife solicited, offered to sell, sold, or otherwise consulted with in the procurement and/or issuance of any insurance policy issued by Fidelity & Guaranty Life Insurance Company or any affiliate of Fidelity & Guaranty Life Insurance Company, or any other insurance company.

30.    **"Person"** is defined as any natural person or any business, legal or governmental entity, or association.

31.    **"Producer"** means any person authorized to act as an agent for any life insurance company from January 1, 2011 forward.

32.    **"Constructive Possession"** means in the possession of an agent, attorney, accountant, consultant, financial institution, bank, brokerage, or other person or entity that provides or provided services to You.

33.    **"ESI"** means electronically stored information and further means, without limitation, information that is stored in an electronic medium, with electronic being defined as relating to technology having electrical, digital, magnetic, wireless, optical, electromagnetic, or similar capabilities and includes, without limitation, emails and texts.

34.    **"Insider"** has the meaning set forth in the Bankruptcy Code.

35.    **"Subpoena"** means and refers to the attached Subpoena.

5

## INSTRUCTIONS

1.    Documents are to be produced at the offices of Norton Rose Fulbright US, LLP, 1301 Avenue of the Americas, New York, NY 10019 at the date and time set forth in the Subpoena.

2.    Unless indicated otherwise, the documents and ESI to be produced are those from January 1, 2013 forward.

3.    You are required to produce documents and ESI that are in Your direct possession or in the possession of any of your agents, accountants, financial advisors, relatives, attorneys, or any other Person.

4.    If you do not understand any of the following descriptions of the Documents or ESI to be produced, you or your counsel should contact counsel for FGLIC sufficiently in advance of the date by which production is required.

5.    A Document shall be deemed to be within your control, regardless of its physical location, if you have the right to secure the Document or ESI or a copy thereof from another person or entity, either public or private, including but not limited to, your legal counsel or accountant, having actual possession thereof.

6.    If You claim that any information, document, or thing sought or requested is privileged, protected by the work product doctrine, or otherwise not discoverable then You are to provide a log for each such document that provides the following information:

(a)    Identifies each document or thing by date, author, subject matter and recipients; and

(b)    States in detail the legal and factual basis for asserting said privilege, work product protection, or objection, or refusing to provide discovery as requested;

6

If only a portion of any document is privileged, then You are to produce the non-privileged part of the document and provide the above information regarding the part of the document that has been withheld.

7.    If any Document responsive to any request has been destroyed, erased, discarded, or otherwise lost, Identify: (i) the type of Document; (ii) the approximate date on which it was created; (iii) the author or preparer; (iv) the contents of the Document; (v) any and all Persons who received or saw the Document or a copy of it; (vi) any and all Persons who participated in, or who were involved in, the decision to destroy such Document, if applicable; (vii) any Document retention or destruction policy under which such Document was destroyed, erased, or discarded, and any and all Persons who participated in, or who were involved in, the formulation of any such policy; (viii) the reason for the destruction of such Document, if applicable; and (ix) the date (or approximate date if precise date is not known) such Document was lost, discarded, or destroyed.

8.    The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  Words in the masculine, feminine, or neuter form shall include each of the other genders.

9.    If documents are produced as electronically stored information, they shall be produced in the following form or forms consistent with Guideline 2.04 of the ESI Principles.

10.    If the requested documents are maintained in a paper or electronic file or file folder, the file folder is included in the request for production of those documents.

11.    If You believe a Document to be confidential, then You shall produce it in accordance with the attached Stipulation for Protective Order.

## DOCUMENT REQUESTS

You are to produce the following Documents and ESI that are in Your actual or Constructive Possession, care, custody or control at the time and at the place set forth

on the attached Subpoena.

    1.    All Communications and Documents Related To or Reflecting any promissory notes, contracts, agreements, or written or oral promises involving the Debtors.

    2.    All other Communications and Documents Related To the Debtors.

    3.    All bank records, correspondence, or any other Documents Related To or Reflecting transfers of funds and/or property from You to the Debtors, including but not limited to cancelled checks, direct deposits, and wire transfer confirmations or receipts.

    4.    All bank records, correspondence, or any other Documents Related To or Reflecting transfers of funds and/or property from the Debtors to You, including but not limited to cancelled checks, direct deposits, and wire transfer confirmations or receipts.

    5.    All Communications or Documents Related To or Reflecting any funds or assets received by or transferred to or from Debtors, and all Communications or Documents Related To or Reflecting any subsequent transfers of such funds or assets by or to any other person or entity.

    6.    All Communications and Documents Related To the following transaction, which identifies You as the recipient of funds described in the chart below:

| Source of Funds | Bank Name | Wire Date | Wire Reference # | Your Account Number | Amount |
|---|---|---|---|---|---|
| Crossridge Partners, Inc. | Bank of America | 04/08/2016 | | | $55,000.00 |

    7.    All Communications and Documents Related To the following individuals and/or entities, including but not limited to all Communications and Documents Related To or Reflecting financial transactions, payments of commissions

or bonuses, transfers of funds or other property, and/or in the solicitation, sale, purchase, or funding of any insurance products, or trusts:

a.   Aaron Aftergood

b.   Brett Bernstein

c.   David Byck

d.   Stanley Byck

e.   Stanley Chesed

f.   Judith Cole

g.   David Crispel

h.   Steven Etkind

i.   Alan Goddard

j.   Andrew Goltzman

k.   Linda C. Gracco

l.   Philip Hon

m.   Howard Jahre

n.   Trent James

o.   James Jones

p.   Barbara Klein

q.   Gregg Kirschner

r.   Sandor Krauss

s.   Keith Kurzner

t.   Mark LaGambina

u.   Tzvie Leifer

v.   Michael Lichtenstein

w.   Leon Lowenthal

x.   Dana Mandel

y.   Jason Mandel

z.   Joshua Mandel

aa.   Richard Metsch

bb.   Allyn Michalek

cc.    Rebecca Nadler

dd.    David Neiman

ee.    Frimit Neiman

ff.    Evan Pescatore

gg.    Joel D. Plasco

hh.    Richard Propper

ii.    Yaffa Sarn

jj.    Yoav Sisley

kk.    Kyle Solomon

ll.    Demetrios Velissarios

mm.    David Vynerib

nn.    Chesky Weber

oo.    Any Producer or agent or other Person affiliated with Network Partners International, LLC

pp.    Any Producer or agent or other Person affiliated with Brokerage Insurance Partners

qq.    Any Person affiliated with FairPost Advisors, LLC

rr.    Any Person affiliated with FairPoint Advisors, LLC

ss.    Any Person affiliated with Fairport Advisors, LLC

tt.    Any Person affiliated with Mesa Consumer Finance, LLC

uu.    Any Person affiliated with Crossridge Partners, Inc.

vv.    Any Person affiliated with MRM Advisors, LLC

ww.    Any Person affiliated with Rubicon Advisory Partners, Inc.

xx.    Any Person affiliated with Soundview Strategic Holdings, LLC

yy.    Any Person affiliated with TEG Insurance Solutions, LLC

zz.    Any Person affiliated with Tower Strategic Group

aaa.    Accordia Life and Annuity Company

bbb.    Daroco and Associates

ccc.    Holmdel Financial Service

ddd.    Any Person affiliated with FGLIC

eee.   Any Person affiliated with AXA Equitable Life Insurance Company

fff.    Any Person affiliated with Minnesota Life Insurance Company

ggg.   Any Person affiliated with Lincoln Benefit Life Insurance Company

hhh.   Any Person affiliated with Allianz Life Insurance Company of North America

iii.    Any Person affiliated with Zurich American Life Insurance Company

jjj.    Any Person affiliated with Genworth Life Insurance Company

kkk.   Any Person affiliated with Royal Neighbors of America

lll.    Any Person affiliated with Banner Life Insurance Company

mmm.Any Person affiliated with Goodselling Insurance Recruit

nnn.   Any Person affiliated with Innovative Brokerage Network

ooo.   Any Person affiliated with Partners Advantage Insurance Service

ppp.   Any Person affiliated with Retirement Planning Assoc., LLC

qqq.   Any Person affiliated with Southwest Annuities Marketing

8.    All emails, texts, or other Communications, including but not limited to wire transfers, Related To the list of individuals and/or entities named in Request No. 7 above.

9.    All Communications and Documents Related To Your role as Insured for any person, entity, or trust in connection with the solicitation, sale, purchase, or funding of any life insurance policy (whether the policies were issued or not) whether Related To FGLIC or any other insurance company.

10.    All Communications and Documents Related To The Swetnick 2014 Irrevocable Life Insurance Trust.

11.    All bank records of any kind, including but not limited to accounting opening and closing documents, bank statements, checks, cancelled checks, checkbooks, wire transfers, ACH documentation, and ledgers, Related To The Swetnick 2014 Irrevocable Life Insurance Trust.

11

12.     All Communications and Documents Related To the life insurance policy # L2183194, issued by FGLIC on Insured Robert Swetnick.

13.     All Communications and Documents Related To the payment or funding of the premium Related To the life insurance policy # L2183194, issued by FGLIC on Insured Robert Swetnick.

14.     All emails, texts, calendar appointments, or other Communications, including but not limited to wire transfers, that You sent or received Related To or Reflecting the life insurance policy described above in Request Nos. 12 and 13.

15.     All Communications and Documents Related To or Reflecting transfers of funds or other property from or to You in connection with the life insurance policy described above in Request Nos. 12 and 13.

16.     All Communications and Documents Related To or Reflecting all life insurance policies in which You participated in the solicitation, offer, sale, purchase, funding, or in which you consulted in any way, including but not limited to in which you identified potential insureds, agents, or insurers (whether the policies were issued or not), whether Related To FGLIC or any other insurance company.

17.     All emails, texts, calendar appointments, or other Communications, including but not limited to wire transfers, that You sent or received Related To or Reflecting the life insurance policies described above in Request Nos. 12, 13, and 16.

18.     All Communications and Documents Related To Network Partners International, LLC.

19.     All Communications and Documents Related To Brokerage Insurance Partners.

20.     All Communications and Documents Related To or Reflecting Your participation in, soliciting, consulting, or otherwise working with any Producer, Agent,

or any Person (whether or not that Person became a Producer or Agent) engaged in soliciting or selling insurance products, trusts, and commissions.

21.    Your complete tax returns, including the schedules, exhibits, and backup materials used to prepare the tax returns.

22.    All financial statements submitted or prepared involving You.

23.    All Communications and Documents Related To Andrew Goltzman or FairPost Advisors.

24.    All Communications and Documents Related To or Reflecting any funds or assets received by or transferred to or from Andrew Goltzman, FairPost Advisors, or to or from any company in which Andrew Goltzman played any role, direct or indirect.

25.    All Communications and Documents Related To or Reflecting any subsequent transfers of such funds or assets as described above in Request No. 24 by or to any person or entity.

26.    All Communications and Documents Related To LaGambina, Crossridge Partners, or Mesa.

27.    All Communications and Documents Related To or Reflecting any funds or assets received by or transferred to or from LaGambina, Crossridge Partners or Mesa, or to or from any company in which Mark LaGambina played any role, direct or indirect.

28.    All Communications and Documents Related To or Reflecting any subsequent transfers of such funds or assets as described above in Request 27 by or to any person or entity.

29.    All Communications or Documents Related To or Reflecting any commission, bonus, or other payment to Debtors or any other Producer for their benefit in any way.

13

30.     All Communications and Documents Related To any criminal investigation or prosecution against You involving fraud, rebating, or life insurance policies.

31.     All Communications and Documents Related To any suspension, revocation, or other disciplinary action or proceeding against You or any entity Related To You, by a governmental agency, FINRA, bar association, or any other association, agency, or self-regulatory organization.

32.     All financial statements or statements describing Your assets, liabilities, or net worth.

**UNITED STATES BANKRUPTCY COURT**
**NOTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
|     **Abhinav Sharma,** | ) | **18-08949** |
|                **Debtor** | ) | |
| _____ | ) | |
| | ) | |
| In re: | ) | **18-08950** |
|     **RequiteLife, Inc.,** | ) | |
|                **Debtor** | ) | **Judge Janet S. Baer** |

**AGREED CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Bankruptcy Procedure on matters of procedure and calculation of time periods.

2.    **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) commercial or financial information that the party has maintained as confidential;  (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached

schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case.[2] Information or Documents that are available to the public may not be designated as Confidential Information.

     **3.    Designation.**

     **(a)**    A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

     **(b)**    The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document contains Confidential Information as defined in this order.

**4.    Depositions.**

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the tenth business day after the transcript, either final or in draft, is delivered to any counsel, party or the witness.  Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**5.    Protection of Confidential Material.**

**(a)    General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in the "bankruptcy cases" (defined as *In re: Sharma,* 18:08949 and *In re: RequiteLife, Inc.,* 18-08950) or in the related case(s) involving the Debtors (i) *Fidelity & Guaranty Life Insurance Co., v. Network Partners International, LLC, Abhinav Sharma, RequiteLife, Inc., Jason Mandel, Tower Strategic Group, LLC, Gregg Kirschner, MRM Advisors, LLC, Joshua Mandel, Rubicon Advisory Partners, Inc., Rebecca Nadler, Evan Pescatore, Agent Does 1-10, and Other Person Does 1-10*, 1:17-cv-01508 RDB, (D. Md.) ("**Network Partners**"), (ii) the putative class action, *Brokerage Insurance Partners, Inc. v. Fidelity & Guaranty Life Insurance Company, Fidelity & Guaranty Life, FS Holdco II Ltd., and*

{00124815}                                   3

*Joe Doe*, 1:17-cv-01815 GLR, (D. Md.) ("**BIP**"), or (iii) regulatory matters involving the

Debtors or Fidelity & Guaranty Life Insurance Co., including any appeal thereof.

      **(b)**    **Limited Third-Party Disclosures.** The parties and counsel for

the parties shall not disclose or permit the disclosure of any Confidential Information to

any third person or entity except as set forth in subparagraphs (1)-(9). Subject to

these requirements, the following categories of persons may be allowed to review

Confidential Information:

      **(1)**    **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the bankruptcy cases, *Network Partners*, and *BIP*;

      **(2)**    **Parties.** Individual parties, including parties to the bankruptcy cases and the *Network Partners* and *BIP*, and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

      **(3)**    **The Court, including the Bankruptcy Court for the Northern District of Illinois and its personnel, and the District of Maryland and its personnel;**

      **(4)**    **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

      **(5)**    **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

      **(6)**    **Consultants and Experts**. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of the bankruptcy cases, or in *Network Partners or BIP*, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

      **(7)**    **Witnesses at depositions**. During their depositions, witnesses in the bankruptcy cases, or in *Network Partners* or *BIP*, to whom

disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)    **Regulators.** The Confidential Information may be provided in response to inquiries from regulators, including but not limited to the various departments of insurance of the 50 states, District of Columbia and Puerto Rico.

(9)    **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

(10)    **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)    **Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.    **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the

{00124815}                                         5

document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.    **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8.    **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.    **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)    **Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in

designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within three (3) business days.

      **(b)**    **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

      **10.**    **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

      **11.**    **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

      **12.**    **Confidential Information Subpoenaed or Ordered Produced in**

**Other Litigation.**

  **(a)**  If a receiving party is served with a subpoena or an order issued in other litigation (not including the *Network Partners* and *BIP* cases) that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

  **(b)**  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

  **(c)**  The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

  **13.**  **Challenges by Members of the Public to Sealing Orders.** A party

{00124815}        8

or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will  have the burden of demonstrating the propriety of filing under seal.

   **14.    Obligations on Conclusion of Litigation.**

   **(a)    Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   **(b)    Obligations at Conclusion of Litigation.**  Within sixty-three (63) days after dismissal or entry of final judgment of the bankruptcy cases and *Network Partners* and *BIP* not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed  without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[5] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the  documents and certifies to the producing party that it has done so.

   **(c)    Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) one complete copy of all materials received, to be held in accordance with their respective record keeping requirements, (2) attorney work product, including an index that refers or relates to designated  Confidential Information so long as that work product does not duplicate verbatim  substantial portions of Confidential Information,

{00124815}                                9

and (3) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

      **(d)**    **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

      **15.**    **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

      **16.**    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

      **17.**    **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

      ***So Ordered.***

Dated:                               _____

                                   Janet S. Baer
                                   Bankruptcy Judge

**WE SO MOVE
and agree to abide by the
terms of this Order**

_____
Signature

William J. Factor
_____
Printed Name


Counsel for: Fidelity & Guaranty Life
Insurance Company


Dated:


**WE SO MOVE
and agree to abide by the
terms of this Order**

_____
Signature

_____
Printed Name


Counsel for: _____


Dated:

11

{00124815}

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

|            |   |            |
|------------|---|------------|
|            | ) | Civil No.  |
| Plaintiff  | ) |            |
|            | ) |            |
|            | ) |            |
|            | ) |            |
| Defendant  | ) |            |

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality

Order dated _____ in the above-captioned action and

attached hereto, understands the terms thereof, and agrees to be bound by its terms.

The undersigned submits to the jurisdiction of the United States District Court for the

Northern District of Illinois in matters relating to the Confidentiality Order and

understands that the terms of the Confidentiality Order obligate him/her to use materials

designated as Confidential Information in accordance with the Order solely for the

purposes of the above-captioned action, and not to disclose any such Confidential

Information to any other person, firm or concern.

{00124815}

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____      _____

Signature

Adopted 06/29/12